IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND

                                         *
**CITIBANK, N.A.,**                      *
   Plaintiff               *
   v.                      *           CIVIL NO. JKB-10-2750
**RANDALL MEDD** *et al.*,               *
   Defendant               *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM**

Citibank filed suit against Randall and Catherine Medd to collect the remainder of a debt obligation that was not entirely satisfied by liquidation of the collateral pledged by the Medds for a credit facility granted by Citibank. Randall Medd was sued in a separate count for failure to repay a letter of credit issued to him by Citibank. Pending before the Court is Citibank's motion for summary judgment (ECF No. 20), which is unopposed by the Medds.[1] Under Rule 56, Federal Rules of Civil Procedure, the Court shall grant summary judgment if the movant shows no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Citibank has met that standard, and its motion will be granted.

The Medds admitted they signed the documents on which this suit is based. (Pl.'s Mot. Summ. J. Ex. 2-C; Ex. 2-D; Ex. 2-E; Ex. 2-F; Ex. 3, R. Medd Dep. 76:9-19, 77:21—78:1-4, 78:22—79:1-4, 79:16—80:1, 80:11-20, May 23, 2011; Ex. 4, C. Medd Dep. 28:7-14, 29:12-18, 33:2-11, May 23, 2011.) When the value of the pledged collateral, an investment account, fell

---

[1] The Medds were represented by counsel in the early stage of this case, but they did not desire his continued representation of them, and his motion for withdrawal of appearance (ECF No. 14) was granted (ECF No. 15). The Medds did not obtain alternative counsel and, thus, are *pro se*.

below the required minimum amount, Citibank made a demand on the Medds for the difference between the outstanding debt and the investment account, $2,790,720.84. (*Id.* Ex. 2-H.) Randall Medd testified he was unable to come up with the money in the time allotted by Citibank. (*Id.* R. Medd Dep. 89:19—91:1.) Shortly thereafter, Citibank notified the Medds the entire amount of the credit facility plus unpaid interest was due; Citibank also reminded the Medds it was entitled to liquidate the collateral to satisfy the amount due. (*Id.* Ex. 2-I.) Citibank did liquidate the investment account, receiving $5,622.496.74 in proceeds to apply to the total outstanding principal amount of $8,000,000 and interest that continues to accrue each day in the amount of $478.80. (*Id.* Ex. 2, Catallo Aff. ¶ 18.) As of June 10, 2011, when Citibank's motion for summary judgment was filed, the accumulated, unpaid interest amounted to $228,238.94, for a total amount of principal and interest due of $2,605,742.20. (*Id.*) As of the same date, Randall Medd owed $250,000 in principal on the letter of credit, plus accrued, unpaid interest (at the rate of $22.56 per day) of $11,133.51, for a total amount of principal and interest due of $261,133.51. (*Id.* ¶ 19.) Citibank has not been paid these sums of money. (*Id.* ¶ 20.)

Citibank has established a clear entitlement to the amounts it has claimed due, and the Medds have offered nothing in their defense. Therefore, a separate order will be issued granting Citibank's motion for summary judgment.

DATED this <u>19th</u> day of July, 2011.

                                            BY THE COURT:

                                            _____/s/_____
                                            James K. Bredar
                                            United States District Judge